```
 1 | DAVID J. BROWN, ESQ. (SBN 56628)
   | MBV LAW LLP
 2 | 855 Front Street
   | San Francisco, California 94111
 3 | Telephone:  415-781-4400
   | Facsimile:  415-989-5143
 4 |
   | Attorneys for Defendant
 5 | William L. Pollack
```

**FILED**
FEB - 5 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**ENTERED**
FEB 09 2010
FEB 09 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re | CASE NO. 8:08-13876-TA |
|---|---|
| CHINA AMERICA COOPERATIVE AUTOMOTIVE INC. | Adv. No. 8:09-01142-TA |
| Debtor. | |
| THOMASON AUTO GROUP, LLC; et al., v. WILLIAM L. POLLACK, et al., | **REVISED ORDER GRANTING MOTIONS FOR REMAND** <br><br> Date:   January 28, 2010 <br> Time:   10:00 a.m. <br> Place:  Courtroom 5B <br> Judge:  Honorable Theodor C. Albert |

For the reasons stated in the tentative rulings of January 28, 2010 and October 29, 2009, attached hereto as Exhibit 1, the motions by William Pollack, Properties Development Group Inc. and Ronald A. Stella to remand this proceeding to New Jersey Superior Court, Morris County are ORDERED GRANTED. The remand is not intended to affect this Court's jurisdiction over the separate adversary proceeding (8:09-ap-01688-TA, *Thomason Auto Group LLC et al v. Ferla et al*) nor this Court's retention of jurisdiction to review and where necessary approve any settlement(s) or aspects thereof

///

1. between the Trustee and the Ferla Group (as it has been described in this bankruptcy
2. proceeding).
3. Dated: **FEB 05 2010**.

FEB 8 2010

The Honorable Theodor Albert
United States Bankruptcy Judge

United States Bankruptcy Court
Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| Thursday, January 28, 2010 | Hearing Room 5B |

**10:00 am**

**8:08-13876    China America Cooperative Automotive Inc**    Chapter 11

Adv#: 8:09-01142    Thomason Auto Group LLC et al v. China America Cooperative Automotive Inc et

#26.00    Motion for Abstention pursuant to USC 1334(c)(1)(2) and/or Remand
(cont'd from 10-29-09)

Docket #: 33

**Tentative Ruling:**

Tentative for 1/28/10:

These are, respectively, motions for abstention and remand filed in adv. # 09-01142TA by various defendant parties referred to herein as "the Daspin Group" and separately by defendant William Pollock. There is some confusion over the correct caption on the adversary proceeding. The Court understands that what started out as three separate adversary proceedings are now combined into a single First Amended Complaint entitled *Issa v. Daspin, et al.* In the First Amended Complaint the trustee has led with the first five causes of action which read like traditional avoidance of fraudulent conveyances based on either §544 (adopting California fraudulent conveyance theory) or §548, (Bankruptcy Code fraudulent conveyance), and the sixth is for recovery of same under 11 U.S.C. §550. Following these are 15 claims for relief which seem based entirely in state law for such relief as breach of fiduciary duty, conspiracy, fraud, breach of contract, conversion, aiding and abetting conversion, negligence, etc. All theories for relief are alleged to arise out of and concern the same series of events surrounding the formation and capitalization of the debtors.

The trustee seems to argue that now the Court no longer has discretion to abstain or remand. None of the cases cited by the trustee stand for this proposition. *Rahl v. Bande*, 316 B.R. 127 (Bankr. S.D.N.Y. 2004) does not so hold. *Rahl* involves a question of whether an action filed in state court for recovery of alleged fraudulent conveyances brought by a liquidation trust formed under a plan was nevertheless "related to" the bankruptcy sufficient for bankruptcy court jurisdiction within the meaning of 28 US.C. §1334(b). The defendants in *Rahl* removed to bankruptcy court and the trustee attempted to remand. The bankruptcy court denied remand and held, among other things, that the several factors governing permissive abstention under §1334(c) did not favor this result. *Id.* at 135-36 At most *Rahl* could be read as authority for the proposition that mandatory remand is not required where state law claims are "supplemental" to claims arising

**Exhibit 1**

United States Bankruptcy Court
Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

Thursday, January 28, 2010            Hearing Room   5B

10:00 am

**Cont....**     **China America Cooperative Automotive Inc**            Chapter 11

under Title 11. *Id.* at 134-35. *Eastus v. Blue Bell Creameries, L.P.*, 97 F. 3d 100 (5th Cir 1996) is not even a bankruptcy case. It stands for the proposition that where state claims based upon same events are joined with federal claims, the entire case can be removed and the federal court may determine all or remand those "separate and independent" claims where state law predominates. *Eastus* held that state law claims arising from the same alleged wrong were not "separate and independent" within the meaning of 28 U.S.C. §1441(c). Whatever relevance this might have to bankruptcy proceedings must also be tempered by the separate and more permissive abstention standard found at §1334 (c)(1). Moreover, the Court reads this also to mean not that remand of state law-based claims is never permitted, but only as discouragement from retaining the federal law portions of removed actions while remanding state law portions *if* they arise from the same wrong and are therefore not "separate and independent." See also *Smith v. Amedisys, Inc.*, 298 F. 3d 434, 439 (5th Cir. 2002). Similarly, *In re Cinematronics, Inc.*, 111 B.R. 892, 901 (Bankr. S.D. Cal. 1990) adds little to the discussion as it holds only for the unsurprising proposition that where core matters predominate the bankruptcy court *may* retain jurisdiction to hear the entire matter (not that it must).

In sum, except for one factor discussed below the Court finds itself substantially in the same place where it was when it issued its tentative decision October 29, 2009 (which decision is incorporated herein by reference). Some factors favor abstention and some weigh against. The factors are about balanced. While the trustee has streamlined the litigation to some extent, it is still unclear that this has made the litigation *primarily* a core matter. Fraudulent conveyances exist under both federal bankruptcy law and under the laws of the 50 states, and are ancient in origin. See *Twynes Case*, 3 Coke 806, 76 Eng. Rep. 809 (Star Chamber 1601); Albert, *The Insolvency Law of Ancient Rome*, 28 Cal. Bankr. J. 365, 391 (2006). Indeed, the Uniform Fraudulent Transfer Act has been reportedly adopted in New Jersey just as in California. The 11 U.S.C. §544 claims are mere incorporations by reference of the state theories for relief. So, although avoidance of fraudulent conveyances is admittedly within the Court's traditional province, it is not necessarily so here, and there are serious countervailing factors.

One factor, however, has unfortunately changed very much for the worse. The Bankruptcy Court in the Central District of California is drowning in caseload as the recession seems to be tightening its grip and the number of cases increases significantly every month. The simple fact of the matter is that the Court would be very hard pressed in the foreseeable future to do any justice to

United States Bankruptcy Court
Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

Thursday, January 28, 2010                                    Hearing Room    5B

10:00 am

Cont....    China America Cooperative Automotive Inc                    Chapter 11

this proceeding. It is simply not in the cards for the Court to carve out a month or more of time on its calendar to handle a case as contentious and complex as this one with so many witnesses and issues. While the Court could conceivably provide a "week here" and a "few days" there, this is an imposition on the many witnesses and parties from out of state and would result in a stretch-out over maybe a year or even more. Further, if such a case were a jury trial (as the defendants demand), such an approach may simply be unworkable. In the Court's view this has tipped the balance in favor of abstention.

*Grant abstention and remand to the New Jersey Superior Court.*

---

Tentative for 10/29/09:

This is a Motion for Abstention pursuant to §§ 1334(c)(1), (2) and/or Remand pursuant to § 1452(B) to the Superior Court of New Jersey, Chancery Division, General Equity part. Three Removed Cases have been consolidated and predominantly allege state law causes of action, with the exception of the Chamco Action which alleges three federal claims in conjunction with numerous state law claims. #44.1 on calendar is the Motion to Remand of another New Jersey state court action entitled *Thomason Auto Group LLC v. William Pollack, et al.* Debtor and Trustee, as well as the Ferla group oppose the motion(s), arguing that it is untimely, and that the Adversary Proceedings are now part of "core" proceedings being administered by the Trustee. Further, on October 23, 2009 the United States District Court in *Thomason Auto Group LLC v. Ferla*, civil action 08-4143(JLL) entered its order transferring venue of that action to this court.

The statutory language of § 1334(c)(1) indicates that a court has discretion to abstain in the interest of justice, in the interest of comity with State courts or respect for State law. Courts have found that section 1334(c)(1) suggests that a federal court exercising bankruptcy jurisdiction should "defer to a State court for determination of a particularly unusual question" of State law. *In re Pan American Corp.*, 950 F.2d 839, 846 (2d Cir. 1991).

Disputes involving the distribution of a bankruptcy estate are clearly federal questions. Collier Bankruptcy Manual 1, ¶3.01[4][c] (Mathew Bender 15th ed. rev.). Federal law determines the content of the debtor's estate, whether property of the debtor transferred prior to a bankruptcy

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

Thursday, January 28, 2010      Hearing Room 5B

10:00 am

Cont....    China America Cooperative Automotive Inc      Chapter 11

should be returned to help satisfy creditors, and establishes which creditors are qualified to claim a share of the debtor's remaining properties. *Id.* State law, however, may define the legal substance of those claims.

The factors to consider when determining whether to abstain are: (1) the effect or lack thereof on the efficient administration of the estate if a Court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of [the bankruptcy court's] docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166-67 (9th Cir. 1990).

Here, the administration of the estate favors settling claims and allowing the Trustee to determine which claims he is interested in litigating and/or settling. The volume of parties, the proximity of witnesses, and other factors do not necessarily countervail the Trustee's interest in efficient administration of the estate and the ability to monitor pending litigation affecting assets and claims. The state law issues are numerous, outnumbering federal claims by a large margin. However, the Movants have not demonstrated that a novel or unsettled area of state law exists. Both the state court and federal courts are capable of resolving the state law issues raised in these actions. There are currently two proceedings pending outside of the Adversary Proceedings, the Thomason Federal Action and a Ferla Group's bad faith insurance coverage lawsuit relating to defense fees in the Thomason Federal Action. Though the Removed Cases were commenced in New Jersey, should the Adversary Proceedings remain before this Court, it might be argued the Trustee will be better able to monitor the development of the litigation. The Chamco Action asserts claims for service mark and trade misappropriation which are subject to original jurisdiction and jurisdictional basis outside of § 1334. The trustee's disposition of the causes of action is still looming, however, and there is no question that causes of action available to the Debtor are now

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

Thursday, January 28, 2010                                                                                    Hearing Room    5B

10:00 am

**Cont....**    China America Cooperative Automotive Inc                                                       Chapter 11

property of the estate. In addition, the trustee has, through settlement and assignment, obtained further rights to pursue claims in the Adversary Proceedings. Thus, it might be said the proceedings are now intertwined with and are at the "heart of the administration" of the estate. *In re SPI Communications & Marketing,* 112 B.R. 507, 510 (Bankr. N.D.N.Y. 1990). The severability of non-bankruptcy proceedings might be feasible since there are numerous state law factors at play; however, there is also a reasonable argument that the disposition on these matters might be construed as core proceedings affecting the bankruptcy estate. The counterbalance between these contrasting points leads to neutrality on the severabability issue.

The strongest factor which weighs in favor of abstention is the burden on this Court's docket and case load. In addition, Movants have made a plausible argument regarding the possibility of forum shopping following adverse rulings against the Ferla Parties which were not addressed in the Opposition. The ability to conduct a jury trial is probably a factor favoring abstention; although this court *can* conduct a jury trial, bankruptcy courts generally are not set up to do so readily. The last factor of the *Tuscon* multi-factor test is the presence of non-debtor parties. According to the Motion, there are some thirty parties to the Removed Actions with only two, Chamco and ZXNA being debtors.

In applying the balancing test, the court finds the factors are about evenly balanced in favor and against abstention. The efficiency of the bankruptcy administration (maybe), lack of unsettled state law questions, lack of a pending state court suit, the fact that some federal questions are present, and the relatedness to the bankruptcy proceedings favor declining to abstain to a greater or lesser, but not a decisive degree. But there are four or five factors which favor abstention, some of which are quite strong: state law predominance, the burden on the Court's docket, the possibility of forum shopping, the burden on non-debtor parties, and awkwardness in conducting jury trials. The remaining factors are probably neutral.

Of particular concern to the Court is the issue of the burden on the Court's docket. Bankruptcy filings in the Central District of California are now at unprecedented levels and climbing. The Court and its staff are straining to keep up with the caseload and so the parties need to understand that an influx of contentious litigation of this size and complexity may result in substantial delays in the winding up of this litigation. The Court wants to hear particularly from the Trustee as to what portions of these actions translate into something *he* views as an actual asset, that if litigated may

United States Bankruptcy Court
Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

Thursday, January 28, 2010                                          Hearing Room  5B

10:00 am

Cont....    China America Cooperative Automotive Inc                Chapter 11

augment this estate. If all of this really boils down to a sideshow about which non-debtor has what right of action against which other non-debtor, or over who rightfully or wrongfully exerts or has exerted dominion over shares of the debtor, but acknowledging that shareholders are probably out of the money, or if this is nothing other than a glorified claims allowance proceeding, then such factors may well tip the balance in favor of abstention.

*No tentative. The Court will hear argument.*

### Party Information

Creditor Atty(s):

   Jack Pitluk                                         Represented By
                                   Mark A Albert

   Martin H Karo                                       Represented By
                                   Mark A Albert

   Steve Saleen                                        Represented By
                                   Mark A Albert

   Thomas Del Franco                                   Represented By
                                   Mark A Albert

Debtor(s):

   China America Cooperative                           Represented By
                                   Richard H Golubow

Defendant(s):

   China America Cooperative

   Mario R Ferla

Interested Party(s):

   CRAS Co.                                            Represented By
                                   Michael B Kushner

# United States Bankruptcy Court
## Central District of California
Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

Thursday, January 28, 2010          Hearing Room   5B

**10:00 am**

Cont....    China America Cooperative Automotive Inc        Chapter 11

Interested Party(s):

     Properties Development Group, Inc.     Represented By
                                                 Michael B Kushner

     Edward Michael Daspin

     Gerald C Escala                               Represented By
                                                 Shapiro & Croland
                                                 Richard H Golubow

     Ronald A Stella                               Represented By
                                                 Michael B Kushner

     Sam D Tropello

Plaintiff(s):

     China America Cooperative

     Thomason Auto Group LLC

     Mario R Ferla                                  Represented By
                                                 Mark A Albert

Trustee(s):

     J. Michael Issa                              Represented By
                                                 Richard H Golubow

U.S. Trustee(s):

     United States Trustee (SA)

| In re: | CHAPTER: 11 |
|---|---|
| In re China America Cooperative Automotive, debtor<br>Thomason Auto Group, LLC; et al., v. William Pollack, et al. | CASE NUMBER: 08:08-13876-TA<br>ADV. NUMBER: 8:09-01142-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described <u>REVISED ORDER GRANTING MOTIONS FOR REMAND</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

N/A. Not an ECF filer in the Central District Bankruptcy Court.

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __February 4, 2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 4, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date  February 4, 2010    Type Name  David J. Brown    Signature

| In re: | CHAPTER: 11 |
|---|---|
| In re China America Cooperative Automotive, debtor<br>Thomason Auto Group, LLC; et al., v. William Pollack, et al. | CASE NUMBER: 08:08-13876-TA<br>ADV. NUMBER: 8:09-01142-TA |

**SERVED BY U.S. MAIL: CATEGORY II**
U.S. Trustee
411 W. Fourth Street, Suite 9052
Santa Ana, CA 92701

Andrew H. Sherman
Sills, Cummis, Epstein & Gross PC
One Riverfront Plaza
Newark, NJ 07102-5400

William D. Wallach
McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Stephen B. McNally
McNally & Busche, LLC
40 Park Place
Newton, NJ 07860

**SERVED BY EMAIL: CATEGORY III**
'markalbert@maalawoffices.com'; Mark Albert

'emdaspin@optonline.net'; Edward Michael Daspin

'mshapanka@optonline.net'; Michael Shapanka

'rick.martson@tonkon.com'; Rick Martson

'bmcmahon@gibbonslaw.com'; Brian J. McMahon

'hmeltzer@wgllp.com'; Hutchinson Meltzer

'samdtropes@aol.com'; Sam Tropello

'missa@bcillc.com'; J. Michael Issa

'jmichaels@michaelslawgroup.com'; Jonathan Michaels

'jdiiorio@shapiro-croland.com'; John Di Iorio

'jgolden@wgllp.com'; Jeffrey Golden

'mkushner@kushnerlawfirm.com'; Michael Kushner

'afriedman@irell.com'; Alan J. Friedman

'klyman@irell.com'; Kerri A. Lyman

'rgolubow@winthropcouchot.com'; Richard Golubow

'gibson@pagterandmiller.com'; R. Gibson Pagter

**SERVED BY FAX: CATEGORY III**
Honorable Theodor C. Albert
United States Bankruptcy Court
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593
Fax: 714-338-5439

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                          F 9013-3.1

| | |
|---|---|
| In re China America Cooperative Automotive, debtor<br>Thomason Auto Group, LLC; et al., v. William Pollack, et al. | CHAPTER: 11<br>CASE NUMBER: 08:08-13876-TA<br>ADV. NUMBER: 8:09-01142-TA |

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) <u>REVISED ORDER GRANTING MOTIONS FOR REMAND</u> was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (ANEF@)** ᴇ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ____February 5, 2010____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated

- Jeffrey I Golden    jgolden@wgllp.com
- Richard H Golubow    pj@winthropcouchot.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Please see attachment.

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Please see attachment.

☒ Service information continued on attached page

61015.01/424214.DOC

| In re China America Cooperative Automotive, debtor<br>Thomason Auto Group, LLC; et al., v. William Pollack, et al. | CHAPTER: 11<br>CASE NUMBER: 08:08-13876-TA<br>ADV. NUMBER: 8:09-01142-TA |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

**SERVED BY COURT: CATEGORY II**

China America Cooperative Automotive Inc
Attn: Hon Gerald C Escada
21 Main St
Hackensack, NJ 07601

Richard H Golubow
Winthrop Couchot
660 Newport Center Drive Ste 400
Newport Beach, CA 92660

ZX Automobile Company of North America Inc
3125 E Coronado St
Anaheim, CA 92806

Jonathan Michaels
Michaels Law Group
2801 W. Coast Highway, Suite 270,
Newport Beach, CA 92663

Jeffrey Golden
Weiland Golden Smiley Wang Ekvall & Strok
650 Town Center Dr Ste 950
Costa Mesa, CA 92626

Stephen B. McNally
McNally & Associates
93 Main Street Suite 201
Newton, New Jersey 07860

Michael Shapanka
150 West End Ave.
Somerville, N.J. 08876

Michael B. Kushner
The Kushner Law Firm
15 Enterprise Ste 110
Aliso Viejo, CA 92656

**Mark A Albert**
Law Offices of Mark Anchor Albert
601 S Figueroa St Ste 2370
Los Angeles, CA 90017

**David J Brown**
MBV Law LLP
855 Front St
San Francisco, CA 94111

**Edward Michael Daspin**
4 Pine View Ln
Boonton, NJ 07005

**Shapiro & Croland**
411 Hackensack Ave
Hackensack, NJ 07601

**Sam D Tropello**
119 Pinebrook Rd
Flemmington, NJ 08807

THE HONORABLE DEANNE M. WILSON
SUPERIOR COURT OF NEW JERSEY
POST OFFICE BOX 910
MORRISTOWN, NEW JERSEY 07963-0910
RE: N.J. DOCKET NO.: MRS-C-000047-08
( CERTIFIED COPY SENT )

**SERVED BY THE LODGING PARTY: CATEGORY III**

**By E-mail**

'markalbert@maalawoffices.com'; Mark Albert

'emdaspin@optonline.net'; Edward Michael Daspin

61015.01/424214.DOC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
2410

F 9021-1.1

| In re China America Cooperative Automotive, debtor<br>Thomason Auto Group, LLC; et al., v. William Pollack, et al. | CHAPTER: 11<br>CASE NUMBER: 08:08-13876-TA<br>ADV. NUMBER: 8:09-01142-TA |
|---|---|

'mshapanka@optonline.net'; Michael Shapanka

'rick.martson@tonkon.com'; Rick Martson

'bmcmahon@gibbonslaw.com'; Brian J. McMahon

'hmeltzer@wgllp.com'; Hutchinson Meltzer

'samdtropes@aol.com'; Sam Tropello

'missa@bcillc.com'; J. Michael Issa

'jmichaels@michaelslawgroup.com'; Jonathan Michaels

'jdilorio@shapiro-croland.com'; John Di Iorio

'jgolden@wgllp.com'; Jeffrey Golden

'mkushner@kushnerlawfirm.com'; Michael Kushner

'afriedman@irell.com'; Alan J. Friedman

'klyman@irell.com'; Kerri A. Lyman

'rgolubow@winthropcouchot.com'; Richard Golubow

'gibson@pagterandmiller.com'; R. Gibson Pagter

**_By Mail_**

United States Trustee
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701

61015.01/424214.DOC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
2410

F 9021-1.1